In the INterest of T.S.J., a Child















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-252-CV

IN THE INTEREST OF T.S.J., A CHILD

 

From the County Court at Law No. 1
Brazos County, Texas
Trial Court # 53803-CV
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Tommy Leon Jones filed suit to adjudicate his paternity of T.S.J. The Attorney General filed
an identical suit one year later. The trial court sua sponte consolidated the two lawsuits. Jones
seeks to appeal the consolidation order.
      This Court has jurisdiction over an interlocutory appeal only when expressly provided by
statute. Stary v. DeBord, 967 S.W.3d 352, 352-53 (Tex. 1998); Chase Manhattan Bank v.
Bowles, 52 S.W.3d 871, 878 (Tex. App.—Waco 2001, no pet.). No statute expressly authorizes
the interlocutory appeal of an order to consolidate separate lawsuits.
      The Clerk of this Court notified the parties by letter dated August 14, 2003 that this appeal
appears subject to dismissal for want of jurisdiction. See Tex. R. App. P. 42.3(a), 44.3. That
notice read:
Pursuant to Rules 42.3 and 44.3 of the Texas Rules of Appellate Procedure, you are
notified that this cause is subject to dismissal for want of jurisdiction because it appears
the consolidation order is not appealable. Therefore, the Court may dismiss this appeal
unless, within ten days of the date of this letter, a response is filed showing grounds for
continuing the appeal.

      Jones has filed a response in which he contends that the second parentage suit and the
consolidation order are barred by collateral estoppel. However, this allegation standing alone does
not provide any statutory basis for this Court to exercise jurisdiction in this interlocutory appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Appeal dismissed
Opinion delivered and filed December 17, 2003
[CV06]



ludes that her appeal is without merit
because the record reflects no reversible error. The brief meets the requirements of Anders v.
California by advancing two contentions that might arguably support the appeal.



      In point one, Swartz contends that the court erred by admonishing her in the presence of the
jury on the consequences of her guilty plea. At the pretrial hearing Swartz pleaded not guilty to
both offenses. After the jury was empaneled and sworn, however, Swartz pleaded guilty to each
offense. The trial court immediately recessed the jury and admonished Swartz on the
consequences of her guilty pleas.


 The trial court then called the jury back into the courtroom and,
in the presence of the jury, again admonished Swartz before accepting her pleas of guilty to both
offenses. 
      Admonitions in the jury's presence could prejudice the defendant and result in a mistrial or
a reversal (such as when it becomes necessary to withdraw the plea of guilty and enter a plea of
not guilty).


 Swartz, however, never sought to withdraw her pleas of guilty and enter pleas of not
guilty. Because no prejudice resulted from the admonition in the jury's presence in this case, we
overrule Swartz's first arguable point of error.
      In point two, Swartz contends that the State engaged in improper arguments during the
punishment phase of the trial. The prosecutor twice referred to Swartz as a "killer" during the
opening argument. During closing argument the prosector referred to her prior conviction by
saying that she "cold-bloodedly murdered another human being." Finally, the prosecutor asked
the jury to "give this community hope" and begged the jury to "strongly consider life or 99 years." 
Swartz made no objection to the jury argument.
      Proper jury argument falls within one of the following categories: (1) a summary of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument;
or (4) a plea for law enforcement.


 All other arguments are improper. The general rule is that
the defendant must object to the improper argument to preserve a complaint for appeal.


 When
the jury argument is so prejudicial that an instruction to disregard the argument could not cure the
harm, neither a timely objection nor an adverse ruling is required to preserve the compliant for
appellate review.


 The jury argument in this case, however, was neither prejudicial nor improper.
      The State introduced evidence regarding Swartz's prior conviction for murder with a deadly
weapon. The prosecutor's references to Swartz as a "killer" and description of her prior
conviction as a "cold-blooded murder" were, therefore, proper as a reasonable deduction from the
evidence.



      The prosecutor's argument to "give this community hope" was not designed to induce the jury
to assess Swartz a particular punishment because the community desired such.


 Rather than
asking the jury to lend its ear to the community, the prosecutor was asking the jury to be the voice
of the community.


 Asking the jury to give the community hope was proper as a plea for law
enforcement.


 Accordingly, we overrule Swartz's second arguable point of error.
      After reviewing the statement of facts and the transcript, the Court is in agreement with
Swartz's appointed counsel that the appeal is without merit. The Anders brief contains a certificate
of service to Swartz reflecting counsel's compliance with Anders by sending a copy of the brief,
the statement of facts, and the transcript to Swartz and advising her of her right to file a pro se
brief. As of this date, we have received no brief from Swartz. We have made a full examination
of the record and find no error requiring reversal. We, therefore, find the appeal without merit
and affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice


Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish